IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-81325 |
| | ) | |
| JERRY L. SANDEEN, | ) | CH. 13 |
| | ) | |
| Debtor(s) | ) | Filing No. 55, 61 |

## ORDER

Hearing was held in Omaha, Nebraska, on February 25, 2008, regarding Filing No. 55, Motion for Relief from Stay, filed by Wells Fargo Bank, and Filing No. 61, Objection, filed by the debtor. Rebecca Abell-Brown appeared for the debtor and Garry McCubbin appeared for Wells Fargo Bank.

Creditor Wells Fargo Bank, N.A., filed a motion for relief from stay asserting that the debtor was delinquent in payments on a note secured by a deed of trust. By the time of the hearing, the parties had agreed that the debtor was then current and the only dispute was over the issue of attorney fees and filing fees. Counsel for the debtor claimed that the debtor had filed an objection to the claim of Wells Fargo Bank which included certain attorney fees. After the objection was resisted, it was settled and the claim was amended to take out the fees.

Now, in connection with the motion for relief from stay, the creditor has added back the original fees, plus requested $600 in attorney fees and $150 for the filing fee. The total requested is $1,270. At the hearing the court requested counsel for the creditor to present an itemized statement of services rendered and fees charged and to file whatever documents, either the note or deed of trust, that contained authority for charging for the services rendered. The creditor did submit Filing No. 66, an affidavit concerning the itemization of fees and expenses, and Filing No. 67, the recorded deed of trust.

The deed of trust, at paragraph 7, provides that if the debtor fails to make any payments or there is a legal proceeding that may significantly affect the creditor's rights in the property, such as a bankruptcy, the creditor may do and pay whatever is necessary. It then specifically states: "Any amounts disbursed by Lender under this Paragraph shall become additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of the Lender, shall be immediately due and payable."

The fees and expenses as itemized in Filing No. 66 are reasonable and fall within the terms of the deed of trust for protection of interest of the lender. Therefore, any objection to such fees is overruled.

The debtor may make payment of the $1,270 over a period of one year, with the first payment due in the month of April. Interest shall accrue on that amount from March 1, 2008, at the Note rate.

  IT IS ORDERED that the Objection, Filing No. 61, is overruled, and the debtor shall make payment of $1,270 over a period of one year, with the first payment due in the month of April 2008. Interest shall accrue on that amount from March 1, 2008, at the Note rate.

  DATED:  March 10, 2008

                BY THE COURT:

                /s/ Timothy J. Mahoney
                Chief Judge

Notice given by the Court to:
  Rebecca Abell-Brown
  *Garry McCubbin
  Kathleen Laughlin
  U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.